# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS MCBRIDE dba No Friends Clothing, | CASE NO. 10cv2020-WQH-WMC |
| Plaintiff, | **AMENDED ORDER** |
| vs. | |
| BRUNO SEBASTIAO dba CC Boardcenter; BRUNO SEBASTIAO, as an individual, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Entry of Default Judgment against Defendants Bruno Sebastiao and Bruno Sebastiao dba CC Boardcenter (ECF No. 11) filed by Plaintiff Ross McBride dba No Friends Clothing.

## I. Background

On September 28, 2010, Plaintiff Ross McBride dba No Friends Clothing initiated this action by filing the Complaint. (ECF No. 1). On January 3, 2011, Plaintiff filed a proof of service for Bruno Sebastiao and Bruno Sebastiao dba CC Boardcenter. (ECF No. 4). The proof of service states that service complied with U.S. law, international law, and the laws of Portugal. *Id.* at 1. Plaintiff submitted the declaration of Selwyn Berg, who completed service, which states that on December 9, 2011, Berg personally served Defendant Bruno Sebastiao and Bruno Sebastiao dba CC Boardcenter at the place of business. (ECF No. 4-1 at 3).

On June 2, 2011, Plaintiff filed a Request for Clerk's Entry of Default against Defendants Bruno Sebastiao and Bruno Sebastio dba CC Boardcenter. (ECF No. 6). Plaintiff submitted a proof of service stating that Bruno Sebastiao and Bruno Sebastio dba CC Boardcenter had been served in compliance with Portuguese law. (ECF No. 6-2 at 2). On June 9, 2011, the Clerk of the Court entered the default of Defendants Bruno Sebastiao and Bruno Sebastio dba CC Boardcenter. (ECF No. 8).

On January 26, 2012, Plaintiff filed a Motion for Entry of Default Judgment. (ECF No. 11). Plaintiff filed a certificate of service stating that Defendants Bruno Sebastiao and Bruno Sebastio dba CC Boardcenter had been served in compliance with Portuguese law. (ECF No. 11-2 at 1-2).

## II. Allegations of the Complaint

On January 15, 2006, Plaintiff Ross McBride dba No Friends Clothing and Defendants Bruno Sebastiao and Bruno Sebastio dba CC Boardcenter entered into a "proposal by telecom to San Diego for an order of merchandise goods...." (ECF No. 1 at 2). "The written contract between [Plaintiff and Defendants is] for merchandise goods at a total firm price of 24,343.47 Euros...." *Id.* at 3. On March 1, 2006, Defendant Bruno Sebastiao "falsely informed [Plaintiff] that he had dispatched his first wire bank transfer to [Plaintiff]." *Id.* at 2. Plaintiff and Defendant entered into "specific final negotiations for assembly and shipment of an order of merchandise goods from San Diego, California to Lisbon, Portugal ...." *Id.* On March 10, 2006, Defendant Bruno Sebastiao "falsely informed [Plaintiff] that he had transmitted his second bank transfer to [Plaintiff] to induce [Plaintiff] to ship said merchandise goods intended for resale by [Defendants]." *Id.* The second bank transfer "was a forged copy of a bank wire transfer receipt executed by Defendant Bruno [Sebastiao] intended to deceive [Plaintiff] to have him ship [the] order as negotiated." *Id.* On March 31, 2006, Defendants accepted delivery of the merchandise.

In April of 2006, Plaintiff discovered that the bank wire transfers were not received by his bank. Plaintiff informed Defendant Bruno Sebastiao who "feigned surprise." *Id.* at 3. Defendant Bruno Sebastiao "falsely claimed the bank lost the money he sent but he would start

making compensatory payments from current income which would start in October." *Id*. Plaintiff and Defendant modified the payment schedule to allow time for Defendant to satisfy his obligation. Plaintiff did not receive any payments from Defendants. "Defendant Bruno [Sebastiao] knew that [Plaintiff] had a start-up sponsored company and that [Defendant] could destroy Plaintiffs enterprise, but proceeded in his course of deceit in total disregard of the consequences to [Plaintiff]." *Id*.

In September of 2010, Plaintiff traveled to Portugal "for the express purpose of resolving the default of the unpaid 24,343.47 Euros ...." *Id*. at 4. "It [became] apparent ... that Defendant Bruno [Sebastiao never had] any intention of ever paying for said goods ...." *Id*.

Plaintiff attached a copy of the invoice contract, the shipping receipt, and the air freight to Portugal to the Complaint. *Id*. at 9-16.

Plaintiff asserts three claims as follows: (1) breach of contract; (2) fraud; and (3) wrongful enrichment. Plaintiff seeks damages in the amount of $31,089.05[1] and interest of 10% from November 1, 2006 to the date of judgment[2], reimbursement of the cost of credit extended from the American bank to cover defaulted payments costs of $7,000, and reimbursement of Plaintiff's travel costs to Portugal of $2,900. For the fraud claim, Plaintiff seeks pain and suffering of $15,000 and exemplary damages of $20,000. For the wrongful enrichment claim, Plaintiff seeks disgorgement of unjust profits of $15,474.00.[3]

**III.  Discussion**

Plaintiff seeks default judgment against Defendants Bruno Sebastiao and Bruno Sebastio dba CC Boardcenter in the amount of $113,124.01. Plaintiff states:

> The claim of Plaintiff is for Breach of Contract (First Cause of Action), Fraud (Second Cause of Action), and Unjust Enrichment (Third Cause of Action). The relief sought is for $60,292.13 for the First Cause of Action (general damages plus interest), $35,000.00 for the Second

---

[1] The amount of $31,089.05 was obtained by multiplying 24,343.47 Euros by the international exchange rate for November 1, 2006 which was 1.2771 U.S. Dollars to 1 Euro.

[2] The Complaint does not allege the basis for Plaintiff's entitlement to prejudgment interest.

[3] The amount of $15,474.00 was obtained by multiplying 12,000 Euros by the Forex rate for September of 2010.

1  |  2  |  3
> Cause of Action ($15,000.00 in pain and suffering and $20,000.00 in exemplary damages) and $17,831.88 for Unjust Enrichment (disgorgement of unjust profits) for a total sum of $113,124.01.... Additionally, Plaintiff requests interest on the judgment at the legal rate of interest until satisfied.

(ECF No. 11-1 at 2).

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the court may grant a default judgment after default has been entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(2). The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment should be granted:

> (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the complaint, (3) the amount of money at stake, (4) the possibility of prejudice to the plaintiff if relief is denied, (5) the possibility of disputes to any material facts in the case, (6) whether default resulted from excusable neglect, and (7) the public policy favoring resolutions of cases on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing.... If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citations omitted).

In this case, Plaintiff has attached to the Complaint a copy of the invoice contract for a total amount of 24,343.47 Euros, or $31,089.05, according to the exchange rate on the date

of promised repayment. The Court finds that Plaintiff has proven damages in the amount of $31,089.05 and is entitled to default judgment in that amount. Plaintiff has also submitted an affidavit in support of the motion for default judgment which identifies additional damages that Plaintiff seeks for each claim. However, Plaintiff has not attached any additional proof of damages. The Court finds that Plaintiff has failed to prove it is entitled to default judgment for any additional damages. Accordingly, the Motion for Entry of Default Judgment (ECF No. 11) is GRANTED in part and DENIED in part.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Entry of Default Judgment filed by Plaintiff Ross McBride dba No Friends Clothing against Defendants Bruno Sebastiao and Bruno Sebastiao dba CC Boardcenter (ECF No. 11) is GRANTED in the amount of $31,089.05 and DENIED in all other respects.

DATED: March 22, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge